## JOHNSON v. CRAWFORD & YOTHERS.

(Circuit Court, M. D. Pennsylvania. March 31, 1906.)

### No. 34.

1. SALES—ACTIONS FOR PRICE—SUFFICIENCY OF EVIDENCE TO SUPPORT VERDICT.

Evidence considered on a motion for new trial, and *held* to sustain the verdict of a jury in favor of a plaintiff for the purchase price of logs sold to defendants; the question at issue being the quantity delivered under the contract.

2. SAME—INTEREST.

A plaintiff is not deprived of the right to interest on an amount found due her as the purchase price of logs sold to defendants by the fact that she commenced a replevin suit for a portion of such logs, which was pending for several months, and was based on the claim that, under the contract of sale, the logs remained her property until paid for, where defendants had the right at any time to terminate the suit by paying the amount due from them.

3. PLEADING—COMPLAINT—AMENDMENT AFTER VERDICT.

Where the plaintiff without objection introduced evidence with regard to items not declared for, which, also without objection, were included in a statement of claim submitted to the jury and allowed by them, an amendment to cover them will be granted, even after verdict.

[Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Pleading, §§ 653, 667.]

At Law. On rule for new trial.

Harry Alvan Hall, for the rule.

C. H. McCauley and A. L. Cole, opposed.

ARCHBALD, District Judge. The plaintiff sues for timber sold to the defendants, who admit that they are liable; the only question being how much. Her claim at the trial was something over $32,000, of which nearly $15,000 was conceded to be due after allowing a payment of $5,000 made since suit was brought. The jury gave a verdict for $27,710.80, which is between the two, although somewhat favoring the plaintiff. There was abundant evidence to sustain this, and the jury evidently gave the case careful consideration. There must be some strong reason, therefore, for disturbing the result.

The timber was to be $6 a thousand. The dispute is as to the quantity. By the agreement between the parties on which it was sold this was to be ascertained, according to Scribner's rule, by a competent scaler to be selected by the plaintiff. A large part of the logs, 3,261,614, was so scaled, and this with a slight qualification both parties accept. But unfortunately no scaler was designated by the plaintiff until the defendants had been several months at work, and it is over this that the parties are at odds. Yothers says that he spoke to Mrs. Johnson about putting some one on, but that she told him to go ahead and scale himself, which he proceeded to do; his partner, Crawford, acting in his place when he happened to be away. The plaintiff gave evidence to show that the scale so made was not correct, being much less than it ought to have been, of which the jury seem to have been convinced.

The contention of the defendants is that as the quantity admittedly was to be ascertained by a scale of the logs as they came to the mill,

the logs having been so measured and a scale made, the plaintiff is bound by it in the absence of fraud. But the agreement of the parties was not so. Undoubtedly the quantity was to be ascertained by a scale, following Scribner's new rule, familiar in the lumber trade. But the scale by which the plaintiff undertook to be bound was one made by a competent scaler whom she should designate, and not by any or every one who might happen to be put at the job, much less by the defendants, who were interested parties, acting in their own behalf, the authority by which they claim to do so being denied. Of course, the defendants had a right to put in the scale which they had kept, and were permitted to do so. But it was for the jury to say whether it was correct or not; and to have held otherwise, or that the plaintiff was concluded by it, would have been a clear mistake. The logs cut at the defendants' mill, although consisting principally of those which they got from the plaintiff's land, were not confined to these, and included some which had been bought from others. According to the defendants, there were 310,000 feet of these, 188,606 feet of which, as they say, helped to make up the scale of 3,216,614 feet, stated above to have been accepted by both parties, which amount it is claimed should therefore be reduced to that extent. Why a part and not the whole of the 310,000 feet was so included and to be deducted is not made clear. The question whether the defendants were entitled to this deduction, like other disputed facts, was for the jury, and was submitted to them.

But complaint is made that they were told it was for the defendants to clear up the matter of this deduction, and that, unless they did so to their satisfaction, the scale must stand. Undoubtedly the plaintiff was only entitled to recover for timber cut from her own land, the amount of which it was for her to show. But the mill was located on her property, and was there for the purpose of sawing her timber, which the defendants agreed to do before they sawed any other, and of which they were to keep accurate account. Presumptively all that came to the mill was hers, as was unquestionably a large part of it. And, if there was an intermingling of other logs by which uncertainty was introduced, it was for the defendants, who brought this about and who had the means for identifying them, to distinguish and make clear how many of these there were.

Included in the verdict was $3,484.14 of interest, which was calculated on the amount found due, from January 1, 1904, to December 18, 1905, when the last payment of $5,000 was made, and not up to the date of trial. If interest was allowable at all, there is nothing to complain of in this. It is contended, however, that the plaintiff was not entitled to any because of a replevin suit which she brought in the common pleas of Elk county, Pa., in which she claimed to own and sought to recover the logs out of which this controversy grows. This replevin was brought in June, 1903, and was not discontinued until shortly before the payment which has been spoken of in December, 1905; thus overlapping the present action. In thus denying the defendants' title and seeking to get back the property from them, it is claimed that the defendant is not in shape to demand interest. But the replevin was brought before the job was completed, after the

refusal of the defendants to execute a written agreement, and only extended to a part of what is now in dispute. It was predicated on the alleged undertaking, claimed to have been a part of the bargain, that the logs and the lumber manufactured from them should remain the property of the plaintiff until paid for. It was not intended to deny the right of the defendants to the timber, provided this condition was complied with, and was not so understood by them. They did not stop their operations on account of it, and it did not relieve them from the obligation, which is conceded, to settle for the timber as fast as they themselves were paid. Notwithstanding its pendency, there was no time when, if the amount could have been agreed upon, they could not have paid if they wished to and have got rid of it. It is not as though, to protect themselves, they had to keep the money in hand and could not have the use of it, or could not pay with the assurance that it would do any good. With this opportunity open, and this obligation resting upon them, proceeding now to determine the amount that is due, interest is properly included to compensate for failure to pay when they should.

It is said at the outstart of this opinion that the suit was for timber sold to the defendants; but it was not all for that. There were other small matters brought in. The point is made with regard to some of these that the plaintiff was allowed to recover more than she claimed in her declaration. This is based upon the statement of claim which she submitted to the jury where it appears. But the statement so made was in accordance with the evidence, and, not having been objected to at the time, it is too late to do so now. To save all question, however, leave is asked to amend the declaration so as to have it correspond with the statement in these particulars. This is certainly all that can be asked, and will be allowed. The right to amend in this way, even after verdict, not going outside of the case as it was tried, is too well established to be doubted or denied.

The rule for a new trial is discharged.